## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA HUTCHASON, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>(2) LOWRY LAND CO., INC.,<br><br>Defendant. | Case No. CIV-17-113-D<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Joshua Hutchason ("Hutchason" or "Plaintiff"), through their undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant Lowry Land Co., Inc. ("Defendant" or "Lowry Land") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDITION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to Plaintiff's and Collective Members' claims occurred within this judicial district. Plaintiff and other Collective Members performed work in this judicial district and were paid pursuant to Defendant's unlawful pay policy

in this judicial district, and Defendant is headquartered in and routinely conducts business in this judicial district.

## PARTIES

3. Plaintiff Joshua Hutchason ("Hutchason") is an Oklahoma resident who was employed by Lowry Land in Oklahoma and Kansas between 2008 and October 2015. Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action. *See* Ex. A.

4. Defendant Lowry Land Co., Inc. ("Defendant" or "Lowry Land") is a company providing third party services, such as reviewing property titles, digital imaging of courthouse documents, negotiating for the acquisition or divestiture of mineral rights, curing title defects, managing rights and/or obligations derived from ownership of interests in minerals, among other services, for oil and gas companies throughout the United States.

5. Lowry Land is incorporated in Oklahoma and maintains its corporate headquarters in Oklahoma City, Oklahoma.

6. Lowry Land employs image specialists and landmen who perform a variety of title services for oil and gas companies. Lowry Land's financial results are driven by the fees that Lowry Land charges the customers for these services.

7. Lowry Land employed Plaintiff and continues to employ similarly situated employees.

8. Lowry Land employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on

goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Lowry Land's annual gross volume of business exceeds $500,000.

10. Lowry Land is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## FLSA COLLECTIVE DEFINITION

11. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following group of potential FLSA opt-in litigants:

> All current or former employees of Lowry Land Co., Inc. ("Lowry Land"), who performed work in the United States at any time between three (3) years from the date of the filing of the Complaint and the present, and who were classified as independent contractors and paid pursuant to a daily rate compensation system (the "FLSA Collective").

12. Plaintiff reserves the right to redefine the FLSA Collective prior to notice, and thereafter, as necessary.

## FACTS

13. Lowry Land employs members of the FLSA Collective throughout the United States.

14. Between approximately 2008 and October 2015, Plaintiff Hutchason worked for Lowry Land reviewing, capturing and uploading courthouse documents for companies in the oil and gas industry.

15. Plaintiff worked for Lowry Land in Oklahoma and Kansas.

16. Plaintiff provided imaging support to Lowry Land's oil and gas clients, including but not limited to obtaining, labeling, converting, saving and indexing legal

3

documents from local courthouses, such as land titles, mineral rights, and easements. Plaintiff observed other members of the FLSA Collective performing the same or substantially similar job duties.

17. Lowry Land improperly misclassified Plaintiff and Collective Members as independent contractors, when the economic reality of the position is that of an employee, and Lowry Land retains the right of control, and, in fact, actually does control the work.

18. As a result of the misclassification, Lowry Land did not pay Plaintiff and Collective Members in accordance with the FLSA and state wage laws and otherwise forced Plaintiff and Collective Members to bear the costs of Lowry Land's business.

19. The Department of Labor's Wage and Hour Division ("WHD") recently released Administrator's Interpretation No. 2015-1, to provide "guidance regarding the application of the standards for determining who is an employee under the Fair Labor Standards Act [FLSA] ... to the regulated community in classifying workers and ultimately in curtailing misclassification.." U.S. Dep't of Labor, Wage & Hour Div., Admin.'s Interpretation No. 2015-1, 1 (July 15, 2015). According to the WHD, "most workers are employees under the FLSA's broad definitions." *Id.*

20. Plaintiff and Collective Members qualify as employees under the FLSA's test, as further described below.

21. The work performed by Plaintiff and Collective Members is an integral part of the Lowry Land's business. Lowry Land is in the business of providing energy and land services, including digital document imaging of county court house land records.

Plaintiff and Collective Members provided services to Lowry Land's oil and gas customers, such as review property documents, title searches, digital imaging, and mineral rights leasing.

22. Plaintiff's and Collective Members' duties do not involve managerial work. They follow the protocols provided to them by Lowry Land in performing their work, which is digital imaging and document review.

23. Plaintiff's and Collective Members' work does not require special skills, judgment or initiative.

24. Plaintiff and Collective Members are not customarily engaged in an independently established trade, occupation, profession or business.

25. Plaintiff and Collective Members have little or no authority to refuse or negotiate Lowry Land's rules and policies.

26. In addition to reserving the right to control the work performed by Plaintiff and Collective Members, Lowry Land, in fact, does exercise control over the method and manner in which Plaintiff and the Classes perform their labor for Lowry Land's clients.

27. Lowry Land instructs Plaintiff and Collective Members concerning how to do their work and dictates the details of the performance of their jobs. For example:

   a. Lowry Land requires Plaintiff and Collective Members to perform their work in accordance with Lowry Land's policies and manuals;

   b. Lowry Land controls Plaintiff's and Collective Members' schedules and which courthouses to work in each day;

   c. Lowry Land, not Plaintiff or Collective Members, conducts all of the

billing and invoicing directly to the clients for the work;

d. Plaintiff and Collective Members have no control over what prices to charge clients. All negotiations over the cost of the work are determined between Lowry Land and clients;

e. Plaintiff and Collective Members are to check-in daily with Lowry Land regarding the progress of their work;

f. Lowry Land requires Plaintiff and Collective Members to complete and submit reports weekly; and

g. Lowry Land, not Plaintiff or Collective Members, may change the terms of the working arrangement without notice at any time.

28. Lowry Land has a policy or practice of failing to compensate Plaintiff and the FLSA Collective for all overtime hours worked.

29. Lowry Land paid Plaintiff and the FLSA Collective pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek or overtime hours.

30. Specifically, Lowry Land paid Plaintiff and the FLSA Collective a specific set amount per each day that they worked.

31. Lowry Land does not maintain accurate records of all hours that Plaintiff and the FLSA Collective worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

32. Plaintiff routinely worked between six (6) days to seven (7) days per week and typically more than ten (10) hours per day, up to fifteen (15) hours. Plaintiff

routinely worked eight (8) hours in the courthouse searching and scanning images or taking pictures of documents. Moreover, Plaintiff completed reports and indexed documents at his home or hotel for an additional estimated four (4) to six (6) hours that day. Plaintiff observed that the members of the FLSA Collective routinely worked similar schedules.

33. Lowry Land did not pay Plaintiff and the FLSA Collective any overtime compensation for hours worked over forty (40) per workweek.

34. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. Lowry Land, however, has not done so.

35. Lowry Land has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiff and the FLSA Collective for hours worked in excess of forty (40) during the workweek.

36. Furthermore, Lowry Land failed to properly track, monitor or record the actual number of hours per day that the FLSA Collective members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

38. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

39. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Lowry Land's previously described common pay practices and, as a result of such practices, were misclassified as independent contractors and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Lowry Land's common misclassification, compensation, timekeeping and payroll practices.

40. Specifically, Lowry Land misclassified Plaintiff and the FLSA Collective as independent contractors and paid them a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

41. The similarly situated employees are known to Lowry Land, are readily identifiable, and may be located through Lowry Land's records, as well as the records of any payroll companies that Lowry Land utilizes. Lowry Land employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of

collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
### Violation of the FLSA
### (On Behalf of the Plaintiff and the FLSA Collective)

42. All previous paragraphs are incorporated as though fully set forth herein.

43. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

44. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

45. Lowry Land's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

46. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

47. Lowry Land knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

48. During all relevant times, Plaintiff and the FLSA Collective were covered employees entitled to the above-described FLSA protections.

49. In violating the FLSA, Lowry Land acted willfully and/or with reckless

disregard of clearly applicable FLSA provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective, seeks the following relief:

- A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

- B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

- C. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

- E. Liquidated damages to the fullest extent permitted under the law;

- F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

- G. Such other and further relief as this Court deems just and proper.

Dated this 2nd day of February, 2017.

Respectfully submitted,

/s/Steven T. Horton
Steven T. Horton, OBA No. 14589
HORTON LAW FIRM
114 N.W. 6th Street, Suite 201
Oklahoma City, Oklahoma 73102
Telephone: 405/606-8080
Facsimile: 405/606-8088
E-mail: shorton@coxinet.net

*-and-*

Shanon J. Carson, PA Bar No. 85957
Sarah R. Schalman-Bergen, PA Bar No. 206211
Alexandra K. Piazza, PA Bar No. 315240
Camille Fundora, PA Bar No. 312533
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
E-mail: scarson@bm.net
E-mail: sschalman-bergen@bm.net
E-mail: apiazza@bm.net
E-mail: cfundora@bm.net
(PA Attorneys - *Pro Hac Vice Pending Approval*)

**Attorneys for Plaintiff and the Proposed FLSA Collective**

**ATTORNEYS' LIEN CLAIMED**

**JURY TRIAL DEMANDED**