UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA HUTCHASON, and BRIAN OSBURN | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. CIV-17-113-D |
| LOWRY LAND CO., INC., | ) ) | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion for Approval of the Settlement Agreements and Attorneys' Fees and Costs [Doc. Nos. 55, 56]. Plaintiffs bring this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claiming violations of the FLSA overtime pay provisions.[1] Plaintiffs seek approval of two settlement agreements—one for each of the settling plaintiffs.

Having reviewed the supporting documentation and considered the facts of the case,

---

[1] Although the Tenth Circuit has not addressed whether court approval is required for settlement of individual FLSA claims, other district courts within the Tenth Circuit have reviewed such settlements. *See Arnold v. Navika Capital Grp., LLC,* 14-CV-378-GKF-FHM, 2016 WL 8198319, at *1 (N.D. Okla. May 20, 2016) (noting that "that the Tenth Circuit has not yet required such approval" but addressing the motion for approval); *Baker v. Vail Resorts Mgmt. Co.*, 13-CV-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (stating that "[w]hen employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable.") (citing citing *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

the Court **GRANTS** Plaintiffs' Motion and **ORDERS** as follows:

1. The Parties' Settlement Agreements are approved as fair, reasonable and adequate, and a fair and reasonable resolution of a *bona fide* dispute.

2. Plaintiffs' counsel's attorneys' fees and costs are granted and approved. The settlement award of attorney fees, when divided by the hours expended, equates to a reasonable hourly rate.

3. The Plaintiffs' Unopposed Motion also requests that the Court, upon approval of the settlement agreements, dismiss this action with prejudice. [Doc. No. 55] at 14. This is consistent with the provisions of both settlement agreements. Thus, the Court will dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**IT IS SO ORDERED** this 4th day of October, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE